IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TYRONE GREEN,** | ) | Civil Action No. 1:17-cv-223SPB |
| Plaintiff, | ) | |
| | ) | Re:   Motions for Sanctions |
| v. | ) | ECF Nos. 58, 60, 61 |
| | ) | ECF Nos. 73, 76 |
| **DR. MAXA, et al,** | ) | Motions to Dismiss |
| Defendants. | ) | ECF Nos. 24, 28, 45 |

## MEMORANDUM OPINION[1]

United States District Judge Susan Paradise Baxter

Plaintiff, an inmate presently incarcerated at the Phoenix State Correctional Institution and acting *pro se*, brings this action against Defendants Dr. Maxa, Dr. Bingham, St. Vincent Pain Management, Nurse Mike Edwards, Nurse Steve Erkhart, Nurse Michelle Williams, and Nurse Jane Doe,[2] arising out of medical treatment he received while incarcerated at SCI –Albion. Three Motions to Dismiss and five Motions for Sanctions are before the Court. The sanctions motions will be addressed first.

## MOTIONS FOR SANCTIONS

Defendants bring three motions seeking dismissal of Plaintiff's case. ECF No. 58 (Maxa); ECF No. 60 (Edwards, Erkhart, and Williams); ECF No. 61 (Bingham and St. Vincent's Pain

---

[1] The parties consented to having a United States Magistrate Judge exercise jurisdiction over this matter. 28 U.S.C. § 636, et seq. When this case was initiated and originally assigned by the Clerk of Courts, the undersigned was a Magistrate Judge. However, on September 14, 2018, the undersigned was elevated to the position of United States District Judge and this case remained assigned to her.

[2] Due to a docketing error by the Clerk's office, other Doe Defendants listed in the Amended Complaint were not entered on the docket. They are: Dr. John Doe, Nurse Jane Doe 2, and Nurse John Doe 2.  By separate Order, the Clerk of Courts will be directed to add these Defendants to the docket.

1

Management). They contend that Plaintiff has committed a fraud upon the court by attaching to his complaint a grievance (#625240 at ECF No. 11-2, page 12) that they allege he altered to include a prayer for relief that would demonstrate the exhaustion of his administrative remedies. Defendants[3] contend that because the evidence of forgery is compelling, and the alteration of records represents a wanton disregard for the truth as well as an intent to engage in a fraud on the Court, the sanction of dismissal is warranted under Federal Rule of Civil Procedure 11. ECF No. 59.

An evidentiary hearing was held on June 28, 2018. Thereafter, Plaintiff filed two motions of his own seeking default or summary judgment against Defendants based on his claim that it was Defendants who altered grievance documents, an argument he suggested to the Court at the hearing. ECF No. 73; ECF No. 76.

The evidence and testimony presented at the evidentiary hearing was inconclusive. If anything, there may be more than one set of documents associated with Grievance Number 625240. Neither side has demonstrated to this Court that its own documents are the single true set of grievance documents or that the other party committed fraud by clear and convincing evidence. "A determination of fraud on the court may be justified only by the 'most egregious misconduct' directed to the court itself, and must be supported by clear, unequivocal and convincing evidence." Davis v. County of Allegheny, 2018 WL 4005827, at *2 (W.D. Pa.) quoting Herring v. United States, 424 F.3d 384, 386-87 (3d Cir. 2005).[4] Accordingly, all motions for sanctions shall be denied as no fraud has been proven. See Fed. R. Civ. P. 11(b) and (c)

---

[3] The Commonwealth Defendants and Defendants Bingham and St Vincent's Pain Management have filed motions for sanctions, but join in the legal arguments as articulated by Defendant Maxa. See ECF No. 60; ECF No. 61.

[4] For example, witness Michelle Tharp, Superintendent's Assistant at SCI Albion, could not answer several questions about how the multiple different copies of Grievance Number 625240 came to be and witness Keri Moore, the Assistant Chief Grievance Officer at the Secretary's Office of Inmate Grievances and Appeals, did not have the actual SOIGA file with her during her testimony. See ECF No. 77, Transcript of Hearing.

advisory committee's note to 1993 amendment ("If the court imposes a sanction, it must, unless waived, indicate its reasons in a written order or on the record; the court should not ordinarily have to explain its denial of a motion for sanctions.").

## MOTIONS TO DISMISS

Plaintiff's Complaint[5] raises an Eighth[6] Amendment claim against Maxa, Williams, Erkhart, Edwards and Doe, a medical negligence claim against all Defendants, and a retaliation claim against Maxa and Edwards. Motions to Dismiss have been filed by Dr. Bingham and St. Vincent Pain Management (ECF No. 24); by Edwards, Erkhart and Williams ("Commonwealth Defendants")(ECF No.28); and Dr. Maxa (ECF No. 45). Plaintiff filed an opposition to the motions to dismiss and a "proposed amendment to complaint[7] with exhibit." ECF No. 34. The motions to dismiss will be reviewed in turn under the *Twombly/Iqbal*[8] standard, following a brief synopsis of Plaintiff's claims.

---

[5] *Pro se* pleadings, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

[6] Although Plaintiff invokes the Fourteenth Amendment in his Amended Complaint, this cannot provide the basis for a claim on these facts as any Fourteenth Amendment claim is subsumed by the more explicit text of the Eighth Amendment. United States v. Lanier, 520 U.S. 259, 272 n.7 (1997) In the prison context specifically, "the Eighth Amendment serves as the primary source of substantive protection." Graham v. Conner, 490 U.S. 386, 395 n.10 (1989), 490 U.S. at 395 n.10, quoting Whitley v. Albers, 475 U.S. 312, 327 (1986).

[7] Plaintiff's proposed amendment is not a full complaint. It is deficient in that it is not a "stand alone document" but instead is more akin to a supplement to the amended complaint and an opposition brief. An amended complaint "must be complete in all respects. It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." Young v. Keohane, 809 F.Supp. 1185, 1198 (M.D. Pa. 1992). This Court will consider the arguments raised in Plaintiff's filings, but this document is not accepted as a proposed amended complaint.

[8] A complaint must be dismissed pursuant to Rule 12(b)(6) if it does not allege "enough facts to state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Ashcroft v. Iqbal, 556 U.S. 662 (2009)).

Plaintiff was sent to Saint Vincent for surgery related to injuries he suffered as a result of being assaulted at another prison. ECF No. 11, page 3.[9] Dr. Bingham operated on Plaintiff who was then returned to SCI Albion and placed in general population. Within days, Plaintiff experienced severe headaches, dizziness, vomiting, and total body aches which lasted for the next four weeks. Id. A month after surgery, Plaintiff found blood on his underwear. Id. at 4. Plaintiff went to the infirmary where he met with Nurses Williams and Steve [Erkhart[10]] who took a urine sample but found no blood in his urine. Id. Several more urine samples produced the same result, until Dr. Hochburg, a "head doctor at Harrisburg," who was touring SCI Albion's infirmary, ordered another urinalysis which revealed the presence of blood and E. coli in Plaintiff's urine. Id. at 5.[11]

**MOTION TO DISMISS BY DR. BINGHAM AND ST. VINCENT PAIN MANAGEMENT**

Plaintiff's only allegations against Bingham and St. Vincent Pain Management sound in negligence (see ECF No. 11, at ¶¶ 9-10, ¶ 13, and page 6; ECF No. 11-1, at ¶ 14) and do not give rise to a cognizable § 1983 constitutional claim. Spruill v. Gillis, 372 F.3d 218, 235 (3d Cir. 2004). See also Positano v. Pennsylvania Cardiothoracic Surgery, Inc., 610 Fed.App'x 191, 194 (3d Cir. 2015). They will be reviewed as state law negligence claims.

A federal district court addressing common law negligence claims must apply the law of the state in which the alleged tortious conduct occurred. Pennsylvania Rule of Civil Procedure

---

[9] Plaintiff claims this surgery would not have been necessary but for prison doctor Maxa lying to outside specialist Dr. Bingham about the non-availability of a TENS unit at the prison.

[10] Plaintiff refers to Nurse Steve throughout his filings while the Commonwealth Defendants refer to this individual as Nurse Erkhart.

[11] Later, during a visit with Dr. Maxa, Dr. Maxa told Plaintiff that "the only way E. coli could have been where it was detected was due to the surgery where the tools used had feaces [sic] on it from not being properly sterilized or some other error during surgery." Id. at 5.

1042.3 mandates the filing of a Certificate of Merit ("COM") in professional negligence claims within sixty days of the filing of a complaint. Pa.R.Civ.P. 1042.3(a).

This requirement has been held to be substantive law that must be applied by federal courts, and is equally applicable to actions filed by incarcerated and *pro se* plaintiffs as it is to those litigants represented by counsel. See Liggon-Redding v. Estate of Sugarman, 659 F.3d 258, 265 (3d Cir. 2011); Crawford v. Millen, 660 Fed.App'x 113, 116 (3d Cir. 2016) (failure to comply with Rule 1042.3 of the Pennsylvania Rules of Civil Procedure is fatal to prisoner's claims of malpractice and professional negligence); Bennett v. PrimeCare Medical, Inc., 2018 WL 6072126, at *10 (M.D. Pa. Sept.14, 2018).

The burden is on a plaintiff to meet all requirements, and in those instances when a plaintiff requires additional time to obtain and file a COM, Rule 1042.3(d) allows that "upon good cause shown, [the Court] shall extend the time for filing a certificate of merit for a period not to exceed sixty days." Id.

Defendants Bingham and St. Vincent's advised Plaintiff of their intent to seek dismissal based upon his failure to file a COM in their motion to dismiss filed in February of 2018. Despite notice of the defense, Plaintiff did not file either a timely motion for an extension of time or a timely motion for a determination as to the necessity of a COM. Instead, Plaintiff filed a proposed amendment in which he claims that a COM is not necessary in this case because "common sense dictates [that] E. coli is contracted … through unsanitary instruments, gloves, hands." ECF No. 34. Unfortunately, a proposed amendment does not satisfy the provisions of Rule 1042.

Because Plaintiff's state law negligence claims against Bingham and St. Vincent's necessarily invoke professional judgment, Plaintiff's failure to comply with Rule 1042.3 is fatal

5

to his claims. The motion to dismiss [ECF No. 24] will be granted with prejudice. The Clerk of Courts shall be directed to terminate Defendants Bingham and St. Vincent's Pain Management from the docket.

**THE MOTIONS TO DISMISS BY COMMONWEALTH DEFENDANTS AND DEFENDANT MAXA**

### The Exhaustion Requirement of the Prison Litigation Reform Act[12]

The Commonwealth Defendants and Defendant Maxa argue that they are entitled to dismissal of the claims against them based on Plaintiff's failure to properly exhaust administrative remedies in accordance with the requirements of the Prison Litigation Reform Act. Plaintiff argues to the contrary.

It is not a plaintiff's burden to affirmatively plead exhaustion. Jones v. Bock, 549 U.S. at 217 ("...failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints."). Instead, the failure to exhaust must be asserted and proven by the defendants. Ray v. Kertes, 285 F.3d 287, 295 (3d Cir. 2002). After the defendant has established that a prisoner has failed to exhaust his administrative remedies, "the onus falls on the inmate to show that such remedies were unavailable to him." Rinaldi v. United States, 904 F.3d 257, 268 (3d Cir. Sept.12, 2018). In his opposition, Plaintiff cites to Ross v. Blake, 136 S.Ct. 1850 (2016) and argues generally that the administrative process was unavailable to him because every grievance submitted by him was denied and that SCI Albion has never awarded money during the grievance process. ECF No. 34, page 4.

---

[12] The PLRA, 42 U.S.C. § 1997e(a) provides: "no action shall be brought with respect to prison conditions under section 1983 of this title ... by a prisoner confined in any jail, prisons, or other correctional facility until such administrative remedies as are available are exhausted."

To the extent Plaintiff is attempting to argue that any effort to exhaust the administrative process would be futile, it is well-settled that there is no "futility" exception to the administrative exhaustion requirement. Ahmed v. Dragovich, 297 F.3d 201, 206 (3d Cir. 2002) citing Nyhuis v. Reno, 204 F.3d 65, 78 (3d Cir. 2000). See also Woodford v. Ngo, 548 U.S. 81, 85 (2006) ("Indeed, as we held in Booth, a prisoner must now exhaust administrative remedies even where the relief sought-monetary damages-cannot be granted by the administrative process."). Plaintiff's averment that the Department of Corrections never awards monetary relief is not borne out by other cases over which the undersigned has presided (Wright v. Sauers, 2017 WL 3731957, at *7 (W.D. Pa. 2017)) and the denial of every other grievance Plaintiff ever filed does not mean the administrative remedy process was unavailable to him.

Federal courts are barred from hearing a claim if a plaintiff has failed to exhaust all the available remedies. Grimsley v. Rodriquez, 113 F.3d 1246 (Table), 1997 WL 2356136 (Unpublished Opinion) (10th Cir. May 8, 1997). The exhaustion requirement is not a technicality, rather it is federal law which federal district courts are required to follow. Nyhuis v. Reno, 204 F.3d 65, 73 (3d Cir. 2000) (by using language "no action shall be brought," Congress has "clearly required exhaustion").

The PLRA also requires "proper exhaustion" meaning that a prisoner must complete the administrative review process in accordance with the applicable procedural rules of that grievance system. Woodford v. Ngo, 548 U.S. 81, 87-91 (2006) ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules ..."). Importantly, the exhaustion requirement may not be satisfied "by filing an untimely or otherwise procedurally defective ... appeal." Id. at 83. So then, no analysis of exhaustion may be made absent an understanding of the administrative process available to state inmates.

7

## The Administrative Process Available to State Inmates

The DC-ADM 804 grievance system, available to state prisoners in Pennsylvania, consists of three separate stages. First, the prisoner is required to timely submit a written grievance for review by the facility manager or the regional grievance coordinator. Second, the inmate must timely submit a written appeal to intermediate review. Finally, the inmate must submit a timely appeal to the Central Office Review Committee, also known as the Secretary's Office of Inmate Grievances and Appeals ("SOIGA"). See Booth v. Churner, 206 F.3d 289, 293 n.2 (3d Cir. 1997), aff'd. 532 U.S. 731 (2001). DC-ADM 804 provides that the grievance must include "a statement of the facts relevant to the claim," "shall identify individuals directly involved in the events," and "shall specifically state any claims he wishes to make concerning violations of Department directives, regulations, court orders, or other law." DC-ADM 804, § 1(A)(11). Furthermore, 804 provides that "if the inmate desires compensation or other legal relief normally available from court, the inmate must request the specific relief sought in his/her initial grievance." Id.

## Plaintiff's Utilization of the Grievance System

The Commonwealth Defendants move for dismissal of Plaintiff's claims based on his failure to exhaust, while Defendant Maxa requests that this Court consider evidence outside of the pleadings in support of his failure to exhaust argument.[13] Under either Rule 12(b) or Rule 56 review, the failure to exhaust defense fails.

---

[13] Where a court receives and considers matters outside the pleadings in support of a motion to dismiss, the motion to dismiss should be converted into a motion for summary judgment. Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."). See Dorsey v. Pennsylvania Department of Corrections, 2016 WL 6124420, at *3 (M.D. Pa. 2016). This Court notified Plaintiff that the motion to dismiss may be converted to a motion for summary judgment and allowed him the opportunity to submit evidentiary materials to oppose summary judgment. See Renchenski v. Williams, 622 F.3d 315, 340-341 (3d Cir. 2010); ECF No. 27; ECF No. 33;

8

Here, the Commonwealth Nurse Defendants argue that because Grievance Number 625240[14] is the only grievance that could apply to their challenged conduct and because Plaintiff failed to request any specific relief in his initial grievance, he has failed to properly exhaust his administrative remedies. While the Commonwealth's recitation of the relevant case law is correct, the copy of Grievance Number 625240 attached to the Amended Complaint[15] [ECF No. 11-2, page 12] includes a request for monetary relief, requiring denial of the Commonwealth's motion to dismiss in this regard.

There are two grievances relevant to the legal claims against Maxa: Grievance 622066 and Grievance 625240. Due to the extrinsic evidence that Defendant Maxa asks this Court to review, his motion to dismiss must be converted to a motion for summary judgment pursuant to Rule 56 and reviewed under that standard.[16]

Maxa argues that Plaintiff has failed to properly exhaust either of these grievances because neither articulates a request for monetary relief. In support of this argument, Maxa has

---

ECF No. 50. Accordingly, the motion to dismiss filed by Defendant Maxa shall be treated, in regard to the failure to exhaust defense, as a motion for summary judgment.

[14] Grievance Number 625240 relates to Dr. Maxa and the nurse Defendants allegedly lying about the blood in Plaintiff's urine and delaying treatment of his E. coli infection for seven days. Evidence regarding Plaintiff's exhaustion of administrative remedies relative to Grievance Number 625240 became the central focus of the multiple motions for sanctions addressed at the evidentiary hearing.

[15] The use of these exhibits by this Court does not convert the motion to dismiss into a motion for summary judgment. Pryor v. National Collegiate Athletic Ass'n, 288 F.3d 548, 560 (3d Cir. 2002) ("...certain matters outside the body of the complaint itself, such as exhibits attached to the complaint […], will not trigger the conversion of an Federal Rule of Civil Procedure 12(b)(6) motion to dismiss to an Federal Rule of Civil Procedure 56 motion for summary judgment.").

[16] Federal Rule of Civil Procedure 56(a) provides that summary judgment shall be granted if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Under Rule 56,"a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986) quoting Fed. R. Civ. P. 56. After the moving party has satisfied this low burden, the nonmoving party must provide facts showing that there is a genuine issue for trial to avoid summary judgment. Id. at 324.

submitted copies of the initial grievances of 622066 and 625240, both of which lack a request for monetary relief. In contrast, the copy of 625240 attached to the Amended Complaint [ECF No. 11-2, page 12] contains a request for monetary relief in the amount of $500,000. Plaintiff's copy of 625240 and Maxa's copy of 625240 are in direct conflict on this issue, as discussed previously, and the Court is unable to determine which document is unaltered with the evidence presented at the sanctions hearing and in support of this motion to dismiss. The claim will proceed unless these Defendants are willing to provide the expert testimony in another *Small*[17] hearing necessary to determine which grievance was altered.

In regard to Grievance Number 622066, Defendant Maxa again argues that because Plaintiff has requested no monetary relief, he has failed to exhaust his administrative remedies with regard to Plaintiff's claim that Dr. Maxa's lied about the non-availability of a TENS unit at SCI Albion. The evidence supports Dr. Maxa's contention. Initial Grievance Number 622066 requests relief in the form of a medical transfer and a subsequent promotional transfer, but does not include a request for monetary relief. ECF No. 11-2, pages 2-3. Plaintiff has provided no evidence to the contrary, as he must in order to defeat a well-supported motion for summary judgment. Celotex, 477 U.S. at 324. Summary judgment will be granted in favor of Defendant Maxa in this regard.

Defendant Maxa has submitted Plaintiff's entire grievance file as maintained at SOIGA. A review of it shows that there are no other grievances pertaining to Dr. Maxa's failure to place Plaintiff in the infirmary following surgery or Dr. Maxa's alleged retaliation against Plaintiff. These claims are therefore unexhausted and summary judgment will be granted in favor of Defendant Maxa on these claims as well.

---

[17] Small v. Camden County Correctional Facility, 728 F.3d 265 (3d Cir. 2013).

**Professional Negligence Claims**

The Commonwealth Nurse Defendants and Dr. Maxa move for dismissal of the professional negligence claims based on the COM requirement of Rule 1042.3. In opposition, Plaintiff filed a "Response to the […] Certificate of Merit defense" arguing:

> "It is undisputed that Plaintiff suffered from E. coli after his surgery, it is also undisputed that there was a delay in treating Plaintiff's E. coli, thus expert testimony is not required for a jury to conclude that Plaintiff who was suffering severe headaches, dizziness, fatigue, body pain and urinating blood should have been treated without having to attempt suicide in order to draw attention to his condition."

ECF No. 44.

Plaintiff has failed to follow the procedures mandated by Rule 1042.3, as discussed previously, and for that reason his negligence claims against these Defendants must be dismissed. Moreover, the factual scenario laid out here is precisely the type of case in which an expert statement is necessary as there are many ways an individual may contract an E. coli infection. See myclevelandclinci.org/health/diseases/16638-e-coli-infection.

**Retaliation Claim**

Plaintiff alleges that Defendants retaliated against him by denying his grievance. ECF No. 11, page 6. "Government actions, which standing alone, do not violate the Constitution, may nonetheless by constitutional torts if motivated in substantial part by a desire to punish an individual for exercise of a constitutional right." Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003) quoting Allah v. Seiverling, 229 F.3d 220, 224 (3d Cir. 2000). Liability under § 1983 requires a defendant's "personal involvement" in the deprivation of a constitutional right. See Gould v. Wetzel, 2013 WL 5697866, at *2 (3d Cir. 2013) citing Argueta v. U.S. Immigration &

Customs Enforcement, 643 F.3d 60, 73 (3d Cir. 2011). This means that the defendant must have played an "affirmative part" in the complained-of misconduct. Iqbal, 556 U.S. at 677 ("In a § 1983 suit ... [a]bsent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct.").

It is well-settled that the denial of Plaintiff's grievances does not, in itself, satisfy the requisite "personal involvement" requirement. Harvin v. Mahally, 2019 WL 1086356, at *6 (M.D. Pa. 2019) ("The filing of a grievance, participation in 'after-the-fact' review of a grievance, or dissatisfaction with the response to an inmate's grievance, do not establish the involvement of officials and administrators in any underlying constitutional deprivation. See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1998)."); Rogers v. United States, 696 F.Supp.2d 472, 488 (W.D. Pa. 2010) ("If a grievance official's only involvement is investigating and/or ruling on an inmate's grievance after the incident giving rise to the grievance has already occurred, there is no personal involvement on the part of that official."). Plaintiff's retaliation claims will be dismissed.

**Deliberate Indifference Claim**

Next, Defendants argue that the Eighth Amendment claims arising out of Plaintiff's medical treatment should be dismissed due to Plaintiff's failure to state a claim. Because no evidence has been submitted on this claim, the dispositive motion will be analyzed under the motion to dismiss standard.[18]

---

[18] Although Dr. Maxa argues that the grievance records attached to Plaintiff's complaint demonstrate that he was not deliberately indifferent to Plaintiff's medical needs, these grievances are not proof of Dr. Maxa's actions towards Plaintiff and will not be reviewed in this context. ECF No. 46, pages 20-22.

In the medical context, a constitutional violation under the Eighth Amendment occurs only when prison officials are deliberately indifferent to an inmate's serious medical needs. Estelle v. Gamble, 429 U.S. 97 (1976). To establish a violation of the constitutional right, a claimant must allege "(i) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need." Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999). Deliberate indifference to a serious medical need involves the "unnecessary and wanton infliction of pain." Estelle, 429 U.S. at 104. Such indifference is manifested by an intentional refusal to provide care, delayed medical treatment for non-medical reasons, denial of prescribed medical treatment, a denial of reasonable requests for treatment that results in suffering or risk of injury, Durmer v. O'Carroll, 991 F.2d 64, 68 (3d Cir. 1993), or "persistent conduct in the face of resultant pain and risk of permanent injury" White v. Napoleon, 897 F.2d 103, 109 (3d Cir. 1990).

Plaintiff alleges that Dr. Maxa and Nurses Williams, Erkhart, and Edwards were deliberately indifferent by lying about the urinalysis results causing a delay in medical treatment and the worsening of his E. coli infection. These allegations are sufficient to survive amotions to dismiss on this deliberate indifference claim. See Monmouth Cty. Corr. Institutional Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987). Though conclusory, Plaintiff's factual allegations are "enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 556. While proving his allegations is far removed from pleading them, Plaintiff will be allowed to pursue discovery on this claim. The question on a motion to dismiss is not whether the plaintiff will prevail in the end. Rather, the question "is whether the plaintiff is entitled to offer evidence in support of his or her claims." Swope v. City of Pittsburgh, 90 F. Supp. 3d 400, 405 (W.D. Pa. 2014) citing Oatway v. Am. Int'l Grp., Inc., 325 F.3d 184, 187 (3d Cir. 2003).

An appropriate Order follows.